UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 2:18-cr-52-SPC-KCD

PATRICK GRAHAM

_____

## ORDER

Before the Court is Defendant Patrick Graham's Unopposed Motion for Early Termination of Supervised Release. (Doc. 231). Neither the Government nor the United States Probation Office opposes the motion. (Doc. 232). For the below reasons, the Court grants the motion.

Four years ago, the Court sentenced Defendant to sixty-three months of prison and five years of supervised release for conspiring to distribute drugs. (Doc. 201). Defendant left prison in June 2022, having earned his GED and completed the residential drug abuse program. He has been on supervised released for over one year and has performed exemplary—even knocking off one year from his term for completing the Intensive Reentry Program ("IRP"). "According to the Assistant United States Attorney who worked with Graham during the [IRP], his dedication to the program was the best she had ever seen, and his progress went above-and-beyond what would have been required to successfully complete the program." (Doc. 232 at 2). Because of his successes

in prison and on supervised release, Defendant asks the Court to end his supervised release term early.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.  A court may end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above law against Defendant's motion and the record, the Court grants his unopposed desired relief.  Defendant's remarkable record while in prison and on supervised release justifies the early termination. He is committed to being a law-abiding citizen—having no positive drug tests or sanctions.  He has maintained a steady job with a local painting company and is making a home with his girlfriend and her children.  Defendant also got

his Florida Commercial Driver License Learner's Permit as part of his plan to become a truck driver.  He hopes the new career will earn him more money and financial stability for him and his family.

Because of Defendant's admirable conduct in and out of custody, the Court is satisfied the interest of justice warrants terminating his term of supervised release early.

Accordingly, it is

**ORDERED:**

Defendant Patrick Graham's Unopposed Motion for Early Termination of Supervised Release (Doc. 231) is **GRANTED**.   Defendant's term of supervised release is terminated effective today.

**DONE AND ORDERED** in Fort Myers, Florida on October 23, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record